JENNIE B. JACOBUS v. JESSE L. McEWAN, ET UX., ET AL.

Decided March 15, 1924.

**Negligence—Motor Vehicle Accident—Injury to Passenger in Car Which Collided With Another Car—Question of Negligence of Driver of Car.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the rule, *Collins & Corbin.*

*Contra, Carl F. Hinrichsen.*

PER CURIAM.

The plaintiff was injured in a collision between two automobiles, which occurred at the junction of Park place and South street, in the town of Morristown. The defendant Mrs. McEwan was the owner of one of the cars, and was riding in it, with her husband, at the time of the accident. This car was being driven by the defendant Gulick, a chauffeur in the employ of Mr. McEwan. Mrs. Shelley, the other defendant, was the driver of the other car. The plaintiff, Mrs. Jacobus, was a nurse in the employ of the McEwan family, and was in their car when the collision occurred. As a result thereof she was quite badly injured, and she brought suit against Mr. and Mrs. McEwan, their chauffeur, Gulick, and Mrs. Shelley as joint wrong-doers. The trial resulted in a verdict against all of the defendants, the damages of the

plaintiff being assessed at $10,000. McEwan, his wife and Gulick applied for and obtained a rule to show cause, and we are now asked to make that rule absolute.

The first ground for doing so, argued by the defendants, is that the trial court should have directed a verdict in their favor, because there was a complete absence of proof of any negligence on the part of the chauffeur or the McEwans contributing to the accident. An examination of the state of the case discloses that there was evidence that the accident occurred more than an hour after sundown; that the McEwan car was being driven without lights; that the lights on the Shelley car were burning, and that it was easily discernible as it approached the intersecting point. The proofs showed that, under the Motor Vehicle law, the McEwan car had the right of way; but, notwithstanding this, it was the business of the chauffeur to be alert to existing conditions, and not to insist on the exercise of that right if by doing so a collision was reasonably likely to occur. Under the evidence to which we have referred, we think the question as to whether Gulick was negligent was one of fact, to be determined by the jury, and not one of law, to be decided by the court.

The next contention is that the finding by the jury of negligence on the part of the chauffeur, Gulick, was contrary to the weight of the evidence. We do not think so. Assuming that the accident was largely the fault of Mrs. Shelley, nevertheless, the testimony above recited justified the jury in finding that the chauffeur also was to some degree in fault, and that, if he had been alert and had used reasonable care when he approached the intersecting point, he could have avoided the accident.

It is lastly argued that the verdict is excessive, and, we think, this contention is well founded. The plaintiff, Mrs. Jacobus, was well past middle life, being about fifty-eight or sixty years of age. She was badly hurt, but, in our opinion, not so seriously as the verdict suggests. If the plaintiff will consent to a reduction of the verdict to $5,000, she may enter judgment thereon for that amount. Otherwise, the rule to show cause will be made abolute.